EVERETT P. WHEELER ET AL., RELATORS, v. THE BOR-
OUGH OF CLIFFSIDE PARK, RESPONDENT.

Argued February 21, 1922—Decided August 2, 1922.

1. Where a tract of land was assessed for municipal betterments
   and later laid out in streets and lots upon a map which was sub-
   mitted to and approved by the municipal authorities, and the
   portion of the tract embraced within the street lines was there-
   after conveyed by the owner to a third person, the municipal
   authorities had no power to transfer so much of the burden of
   the assessment as rested upon the land comprised in such streets
   to the land lying outside the street lines and thereby increase the
   burden originally imposed upon those lands.
2. *Quære:* Does the filing of a map having streets indicated thereon,
   by a landowner, and the approval thereof by the municipal au-
   thorities, constitute an acceptance of the dedication of such
   streets?

On *mandamus.* Demurrer to answer to alternative writ.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER
and KALISCH.

For the demurrants, *Wendell J. Wright.*

Contra, *Arthur M. Agnew.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The situation disclosed by the
pleadings in the present case is as follows: Some time prior
to 1916, the borough of Cliffside Park installed a sewer system
within its corporate limits; and in June of that year the
borough assessment commission filed its report of assess-
ments against the property benefited by the improvement,
including a plot of land then owned by the relators. In May,
1917, about a year after the assessment report was filed,
the relators caused a map to be made of the property assessed
as aforesaid and of other properties which they owned,
and this map was submitted to and approved by the borough

council. Upon it the lands included therein were laid out in building lots and streets. Some months after its approval by the borough council the relators conveyed the fee in the various streets exhibited thereon to one Everett P. Smith, and subsequently, in 1918, petitioned the council to make an apportionment of the assessment which had been laid upon the land above referred to between that part thereof remaining in the relators and the portion which had previously been conveyed to Smith. Acting upon this petition, but not complying with its prayer, the borough council made an apportionment of the whole assessment between the various building lots shown on the map of 1917 and belonging to the relators, but relieved from the burden thereof the lands lying within the street lines. The question presented for determination by the demurrer to the answer is whether this municipal action can be legally justified.

We are of opinion that, by submitting their map to the borough council for its approval, the relators dedicated the streets indicated thereon to public use. But the mere dedication did not constitute them public highways. They did not become so unless and until that dedication was accepted by the municipal authorities. Whether or not the approval of the map by the borough council constituted an acceptance of the dedication we are not called upon to determine. If it did, then the land in those streets immediately became subject to the public user, and it was beyond the power of the borough council to transfer so much of the burden of the assessment as rested upon that land to the lands of the relators lying outside of the street lines, and thereby increase the burden originally imposed upon those lands.

If, on the other hand, the approval of the map did not constitute an acceptance of the dedication, then the title to the land within these street lines is vested in Everett P. Smith, free from any present public user impressed thereon, and this land, resting, as it does, in private ownership, is equally liable to the burden imposed upon it by the assessment as is the other land upon which it was originally laid.

We conclude, therefore, that, for the reasons above indicated, the demurrer to the answer of the borough of Cliffside Park should be sustained; and that a peremptory writ should issue, commanding the borough council to make an equitable apportionment of the assessment involved in this controversy between such part of the land upon which the assessment was originally laid as still remains in the ownership of the relators and the portion thereof that was conveyed to said Everett P. Smith, as above stated.